Judge Grimke
stated the case and delivered the opinion of the court:
This is a writ of error to the common pleas of Perry county. It was an action of ti’espass on the case for an injury to land, and originated before a justice of the peace. The declaration describes the defendant as a tenant of the plaintiffs, and the injury set out was, in its character, a nuisance. The jury found a verdict for the plaintiffs. The court of common pleas arrested judgment on the verdict, and gave judgment for the defendant; to reverse which, the writ of error was sued. Thus the single question presented is, whether the magistrate had jurisdiction. The act of March 14, 1831, extends the jurisdiction of justices of the peace to actions of trespass on real estate. There is no reason why we should limit the term trespass to trespass vi et armis, where it is a general term, and comprehends actions of trespass on the case, as well as of trespass quare clausum fregit. There is nothing in the act which, signifies such an intention. On the contrary, the object of the legislature seems to be, to give a remedy for an injury committed upon the land without any discrimination as to the form of the remedy which should be used. Indeed, I apprehend there could be no doubt about the matter, if the term trespass vi et armis had not, in common language, usurped the almost exclusive appellation of trespass. But this is only because the other action may badesignated more briefly by the term action on the case. They are-both legally and technically actions of trespass, and, as I before remarked, the object of the legislature seems to have been to give the remedy where an injury to the land has been committed. In Nichol v. Patterson, 4 Ohio, 200, it was determined that a justice of the peace had no jurisdiction of an action for a nuisance to land. Section 62 of the judiciary act declares, that in the action for a nuisance, if the jury on the trial of the issue or on inquiry of damages, shall find or assess the ^damages under five dollars, the plaintiff shall not recover costs. Here the action for a. nuisance is by necessary implication withdrawn from the jurisdiction of a magistrate. “Upon a different construction, on an appeal by either of the parties, the plaintiff could not recover costs-unless the jury assessed the damages to five dollars. This would be the only exception to the general rule, that where the matter in-controversy is within the jurisdiction of a justice, the costs, what *524 ever the amount assessed, should follow the damages.” On the whole, we are of opinion there was error in the opinion of the court below in arresting the judgment. •